UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MIRIAM MORALES,

                        Plaintiff,

       -against-

CITY OF NEW YORK; POLICE OFFICER JANICE CABAN (Shield No. 16608), and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------ x

CV 13-1346

**COMPLAINT**

Jury Trial Demanded

VITALIANO, J.

LEVY, M.J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

6. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff Miriam Morales ("plaintiff" or "Ms. Morales") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendant Janice Caban, Shield No. 16608, was a police officer, acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Caban is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On or about December 15, 2012, at approximately 10:28 p.m., plaintiff was lawfully within her residence located at 892 Belmont Ave., Brooklyn, New York.

14. Plaintiff heard noise next door and walked over to her neighbor, Taisha and Tiffany's, apartment to check on them.

15. Plaintiff then observed several police officers, including defendant Caban, place Tiffany under arrest.

16. One of the police officers then yelled, "Arrest all of them."

17. Several police officers, including defendant Caban, used excessive force and threw plaintiff on the ground.

18. The officers, including defendant Caban, then placed plaintiff under arrest despite the fact that they had no probable cause to believe that she had committed any crimes or offenses.

19. Plaintiff was eventually taken to 75th precinct.

20. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct

governmental administration and resist arrest.

21. At no point did defendants observe plaintiff commit any crimes or offenses.

22. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful use of excessive force and arrest of plaintiff.

23. From the precinct plaintiff was transported to Brooklyn Central Bookings and later arraigned in Kings County Criminal Court.

24. Plaintiff's criminal charges were subsequently adjourned in contemplation of dismissal.

25. After approximately twenty-four hours in custody, plaintiff was released.

26. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

30. After approximately twenty-four hours in custody, plaintiff was released. Plaintiff's case was subsequently adjourned in contemplation of dismissal.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

32. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

33. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

40. Plaintiff was conscious of her confinement.

41. Plaintiff did not consent to her confinement.

42. Plaintiff's confinement was not otherwise privileged.

43. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

45. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

46. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Ms. Morales.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

50. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

54. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

55. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

56. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### First Amendment Retaliation

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of her right to freedom of speech under the First and

Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying her right to speak freely by subjecting her to false arrest and excessive force to deter the exercise of her First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising her First Amendment rights.

60. As a consequence of the individual defendants' actions, plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that she will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing her First Amendment-protected activities.

61. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## EIGHTH CLAIM
### Failure To Intervene

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: March 13, 2013
New York, New York

Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*